**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 06-cr-272 (ESH) |
| ROBERT W. NEY | |

DEFENDANT'S SENTENCING MEMORANDUM

Defendant Robert W. Ney, through undersigned counsel, respectfully submits the following memorandum to address the outstanding issues that may affect the Court's determination of a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

I.   Aggravating Role

As noted in the government's memorandum, the September 13, 2006 plea agreement outlines parties' joint recommendations under the United States Sentencing Guidelines with respect to all sentencing calculations except the applicable enhancement for Mr. Ney's role in the offense under section 3B1.1.  While the parties have subsequently agreed to recommend that the Court find that Mr. Ney acted as a supervisor under section 3B1.1(c), the defense submits that any further enhancement would improperly hold Mr. Ney accountable for separate conspiracies organized by Jack Abramoff over which Mr. Ney had no knowledge or control.

The leadership enhancements in section 3B1.1 require the Court to increase a managing or supervising defendant's offense level by three levels if the relevant criminal activity "involved five or more participants," but only by two levels if four or fewer participants were involved.  A participant is "a person who is criminally responsible for the commission of the offense, but need not have been convicted."  U.S.S.G. § 3B1.1, Commentary, Note 1.  Despite the conclusions of

the Presentence Investigation Report dated January 9, 2007 (the "Report"), the offenses to which Mr. Ney pled guilty did not involve five or more participants.[1]

Mr. Ney pled guilty to a conspiracy involving Jack Abramoff, but Mr. Ney has admitted knowledge and involvement in only a small segment of Mr. Abramoff's extensive criminal activities. For example, although the Factual Basis names Mr. Scanlon and Mr. Rudy as being involved in Mr. Abramoff's criminal activities, there is no allegation in the Factual Basis that they conspired with Mr. Ney, and the simple inclusion of their names is insufficient to establish their status as participants. See United States v. Bates, No. 99-40360, 2000 WL 1672709 (5th Cir. Oct. 17, 2000) (inclusion of a name in the sentencing memorandum lacked sufficient indicia of reliability to determine the person was a participant). Messrs. Scanlon and Rudy may have been participants in Mr. Abramoff's other activities, but they were not involved in Mr. Ney's conduct. Neither Mr. Scanlon nor Mr. Rudy ever worked for Mr. Ney. There is no evidence that Mr. Ney ever worked for these men. It is therefore inappropriate to consider them as "participants" in the criminal activity to which Mr. Ney pled guilty.

In United States v. Safavian, No. 05-cr-370, the Court concluded that it is inappropriate to consider the wider scope of Mr. Abramoff's activity with respect to the sentence of a defendant who was involved in only some of that activity. When determining Mr. Safavian's sentence, Judge Friedman reasoned that the presentence report had inappropriately recommended enhancement of Mr. Safavian's sentence based on conduct in which Mr. Safavian was not involved. As the Court explained, "Mr. Safavian's involvement in the Scotland golf trip should

---

[1] The draft version of the Report summarily concluded that section 3B1.1(b) applies because "[t]he criminal activity clearly involved five or more participants." Report at 8. In response to defense objections, the Report now explains that its conclusion with respect to the number of participants it considers involved in Mr. Ney's conduct is based on the number of names included in plea documents. Report at 21.

not be considered in the context of Mr. Abramoff's *separate* conspiracy with *other persons*." Safavian, Opinion of Nov. 16, 2006 (emphasis original). Judge Friedman's distinction between all of Mr. Abramoff's activities and those involving Mr. Safavian is one that should similarly apply to Mr. Ney. Like Mr. Safavian, Mr. Ney should not be held accountable for the participants in Mr. Abramoff's separate conspiracies about which he had no knowledge and over which he exercised no control.

Additionally, Mr. Ney is not the type of defendant that the Sentencing Commission intended section 3B1.1(b) to punish. As explained in the commentary to this Guideline, this enhancement is intended to assign greater punishment to those who lead criminal enterprises. See U.S.S.G. § 3B1.1, cmt. It is to be applied against defendants who tend to profit more from criminal enterprises, who pose a greater danger to the public, and who are more likely to recidivate. See id. Its purpose is to "apportion relative responsibility where an offense involves multiple participants, and provides an upward adjustment where the defendant had an aggravating role." United States v. Egge, 223 F.3d 1128, 1133 (9th Cir. 2000). Mr. Ney did not play an aggravating role to warrant a three-level enhancement. Likewise, Mr. Ney does not pose a danger to the public and is unlikely to recidivate. Mr. Ney simply does not fit the profile of the offender that this Guideline seeks to punish, and the Court should therefore impose the lesser two-level enhancement.

In conclusion, Mr. Ney's sentence should be based solely upon the scope of the conspiracy about which he was actually aware, not upon the separate conspiracies of Mr. Abramoff. Mr. Ney's activities included as participants only Mr. Abramoff, Mr. Volz, and himself. Because only three individuals fall within the Guidelines' definition of "participant," only three participants may appropriately be considered for purposes of section 3B1.1, and the

requirements for a three-level enhancement under subsection (b) are not met. The Court should therefore impose only a two-level increase pursuant to section 3B1.1(c).

II.     Substance Abuse

The Report states that "Mr. Ney acknowledged that his use of alcohol impaired his judgment with respect to the subject matter of this case." Report at 13 ¶ 69. As counsel represented to the Court at the plea hearing, we are prepared to provide additional information from medical experts regarding the details of Mr. Ney's condition and the recommended course of treatment. Accordingly, the Defendant requests that the Court specifically find that Mr. Ney's alcohol addiction contributed to the conduct he has admitted.

The Report also notes that Mr. Ney has participated in inpatient and intensive outpatient treatment for his alcohol addiction, and continues to participate in regular treatment sessions. See id. The government and the defense agree that Mr. Ney would benefit from participation in the Residential Drug Abuse Program offered by the Bureau of Prisons during any term of imprisonment. Such treatment is critical to Mr. Ney's continued health and well-being, and we therefore request that the Court recommend Mr. Ney for participation in a Residential Drug Abuse Program at a BOP facility as near as possible to his home and family in Ohio.

III.    Sentence

Defense counsel will present arguments to the Court at the time of sentencing as to the appropriate sentence to be imposed within the applicable Guidelines range.

– 5 –

IV.     Conclusion

For the foregoing reasons, the Defendant respectfully requests that the Court find that a only a two-level enhancement applies under U.S.S.G. § 3B1.1(c), that alcohol addiction contributed to the relevant conduct, and that the Bureau of Prisons should consider Mr. Ney for participation in its Residential Drug Abuse Program.

                                    Respectfully submitted,

                                    /s/ Mark H. Tuohey III
                                    _____
                                    Mark H. Tuohey III (DC Bar No. 186148)
                                    William E. Lawler III (DC Bar No. 398951)
                                    Craig D. Margolis (DC Bar No. 454783)
                                    David E. Hawkins (DC Bar No. 482016)
                                    VINSON & ELKINS L.L.P.
                                    The Willard Office Building
                                    1455 Pennsylvania Avenue, N.W.
                                    Washington, DC  20004-1008
                                    Phone: (202) 639-6500
                                    Facsimile: (202) 639-6604
                                    Email: mtuohey@velaw.com

Dated:  January 10, 2007                  Attorneys for Defendant Robert W. Ney

– 6 –

## CERTIFICATE OF SERVICE

     I hereby certify that on this 10th day of January, 2007, I caused a copy of the foregoing Sentencing Memorandum to be served by the Court's electronic filing system upon:

>Mary K. Butler, Esquire
>M. Kendall Day, Esquire
>Public Integrity Section
>United States Department of Justice
>1400 New York Avenue, N.W., Suite 12100
>Washington, DC  20005

          /s/ David E. Hawkins
          _____
          Counsel for Defendant Robert W. Ney

DC 645171v.2