NEY, Robert W.                                                                                    Page 26

THE HONORABLE ELLEN SEGAL HUVELLE, UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA  :  Docket No.: 06-272-01

vs.                       :

Robert W. Ney             :  Disclosure Date: December 15, 2006

**FILED**
JAN 19 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSI) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____                    _____
Assistant U.S. Attorney                              Date

**For the Defendant**

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

(xx) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____  12/29/2006                _____  12/29/2006
Defendant            Date                           Defense Counsel         Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32.2, those executing this form shall first submit any material inaccuracies or disputes in writing by December 29, 2006, to U.S. Probation Officer Deborah Stevens-Panzer, telephone number (202) 565-1422, fax number (202) 273-0242.

Pursuant to Rule 32(f)(2), effective December 1, 1994, it shall be the responsibility of the attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT
By: Gennine A. Hagar
Acting Chief United States Probation Officer

# Vinson&Elkins

Mark H. Tuohey III  mtuohey@velaw.com
Tel 202.639.6660  Fax 202.639.6604

December 29, 2006

BY EMAIL AND FIRST CLASS MAIL

Ms. Deborah A. Stevens-Panzer
United States Probation Office
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, N.W., Room 2800
Washington, DC 20001

*[Stamp: RECEIVED FRONT OFFICE 2007 JAN -5 A 9:00 U.S. PROBATION OFFICE DISTRICT OF COLUMBIA]*

    Re:  United States v. Ney, No. 06-cr-272 (ESH)

Dear Ms. Stevens-Panzer:

    On behalf of our client, Defendant Robert W. Ney, we respectfully submit the following objections to the draft Presentence Investigation Report (the "Report") dated December 15, 2006. Through these objections, Mr. Ney seeks to correct material inaccuracies in the Report that may affect the Court's calculation of a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

**Defense Objection 1:**

Report at 1:  **"Related Cases:**    Michael P.S. Scanlon    05-411-01"

Response:    Although the government apparently filed a designation of related cases at the time of filing its Information and the Plea Agreement, we have been informed that this designation was rejected by the clerk because it listed more than one related case. Counsel for the government has indicated that he may have orally informed the clerk to treat United States v. Scanlon, No. 05-cr-411, which was the earliest-filed of the cases listed by the government, as the related case for purposes of Local Criminal Rule 57.12(b)(1). Such an oral designation should have been to no effect, and in any event, notice of any designation by the government – either with respect to Mr. Scanlon or to Messrs. Abramoff, Volz, and Rudy – was not timely served by the Clerk on counsel for Defendant. Defendant was denied any opportunity to object to the government's designations within the ten-day period specified in the Rules, and such designations should therefore have no effect on Defendant's sentence.

**Vinson & Elkins LLP Attorneys at Law**
Austin Beijing Dallas Dubai Houston London
Moscow New York Shanghai Tokyo Washington

The Willard Office Building, 1455 Pennsylvania Avenue NW, Suite 600
Washington, DC 20004-1008
Tel 202.639.6500  Fax 202.639.6604  www.velaw.com

DC 615713v.1

V&E

December 29, 2006  Page 2

**Defense Objection 2:**

Report at 8, ¶ 26:     Role in the Offense

Response:   The Report summarily concludes that U.S.S.G. § 3B1.1(b) applies because the "criminal activity clearly involved five or more participants." Report at 8. Defendant objects to this conclusion and to the corresponding three level increase suggested by the Report.[1]

The leadership enhancements in section 3B1.1 require the Court to increase a managing or supervising defendant's offense level by three levels if the relevant criminal activity "involved five or more participants," but only by two levels if four or fewer participants were involved.[2] A participant is "a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1, Commentary, Note 1. Despite the conclusions in the Report, the offenses to which Mr. Ney pled guilty did not involve five or more participants.

Mr. Ney pled guilty to a conspiracy involving Jack Abramoff, but Mr. Ney has admitted knowledge and involvement in only a small segment of Mr. Abramoff's extensive criminal activities. For example, although the Factual Basis names Mr. Scanlon and Mr. Rudy as being involved in Mr. Abramoff's criminal activities, there is no allegation that they conspired with Mr. Ney, and the simple inclusion of their names is insufficient to establish their status as participants. See United States v. Bates, No. 99-40360, 2000 WL 1672709 (5th Cir. Oct. 17, 2000) (inclusion of a name in the sentencing memorandum lacked sufficient indicia of reliability to determine the person was a participant). Messrs. Scanlon and Rudy may have been participants in Mr. Abramoff's other activities, but they were not involved in Mr. Ney's conduct. Neither Mr. Scanlon nor Mr. Rudy ever worked for Mr. Ney. There is no evidence that Mr. Ney ever worked for these men. It is therefore inappropriate to consider them as "participants" in the criminal activity to which Mr. Ney pled guilty.

In United States v. Safavian, No. 05-cr-370, the District Court concluded that it is inappropriate to consider the wider scope of Mr. Abramoff's activity with respect to the

---

[1] The parties agreed in the Plea Agreement that Mr. Ney was a manager or supervisor for purposes of section 3B1.1(c). The Plea Agreement did not, however, resolve whether the criminal activity involved five or more participants, leaving open whether subsection (b) or (c) properly accounts for Mr. Ney's activities.

[2] Section 3B1.1 also permits a three-level enhancement for criminal activity that was "otherwise extensive." Because neither the plea documents nor the Report suggests that Mr. Ney is subject to enhancement for "otherwise extensive" conduct, Defendant does not address this issue.

sentence of a defendant who was involved in only some of that activity. When determining Mr. Safavian's sentence, Judge Friedman reasoned that the presentence report had inappropriately recommended enhancement of Mr. Safavian's sentence based on conduct in which Mr. Safavian was not involved. As the Court explained, "Mr. Safavian's involvement in the Scotland golf trip should not be considered in the context of Mr. Abramoff's *separate* conspiracy with *other persons*." Safavian, Opinion of Nov. 16, 2006 (emphasis original). Judge Friedman's distinction between all of Mr. Abramoff's activities and those involving Mr. Safavian is one that should similarly apply to Mr. Ney. Like Mr. Safavian, Mr. Ney should not be held accountable for all of the participants in Mr. Abramoff's separate conspiracies.[3]

Additionally, Mr. Ney is not the type of defendant that the Sentencing Commission intended section 3B1.1(b) to punish. As explained in the commentary to the guideline, this enhancement is intended to assign greater punishment to those who lead criminal enterprises. See U.S.S.G. § 3B1.1, cmt. It is to be applied against defendants who tend to profit more from criminal enterprises, who pose a greater danger to the public, and who are more likely to recidivate. See id. Its purpose is to "apportion relative responsibility where an offense involves multiple participants, and provides an upward adjustment where the defendant had an aggravating role." United States v. Egge, 223 F.3d 1128, 1133 (9th Cir. 2000). Mr. Ney was a minor participant in the conspiracy and did not play an aggravating role to warrant a three-level enhancement. Likewise, Mr. Ney does not pose a danger to the public and is unlikely to recidivate. Mr. Ney simply does not fit the profile of the offender that this Guideline seeks to punish, and the Court should therefore impose the lesser two-level enhancement.

Mr. Ney's sentence should be based solely upon the scope of the conspiracy about which he was actually aware, not the separate conspiracies of Mr. Abramoff. Mr. Ney's activities included as participants only Mr. Abramoff, Mr. Volz, and himself. Because there are only three people who fall within the Guidelines' definition of "participant," only three participants may appropriately be considered for purposes of section 3B1.1, and the

---

[3]  Judge Friedman also noted that Mr. Safavian could not be held to answer for all of Mr. Abramoff's activities because "the government has never formally noticed this case as being 'related' to any other case under the Local Criminal Rules of this Court." Safavian, Opinion of Nov. 16, 2006. As explained above, Mr. Ney was not properly notified that his case was "related" to any other matter involving Mr. Abramoff. Therefore, like Mr. Safavian, Mr. Ney should be sentenced based only on admissions or factual findings properly before the Court.

V&E

December 29, 2006   Page 4

requirements for a three-level enhancement under subsection (b) are not met. The Court should therefore impose only a two-level increase pursuant to section 3B1.1(c).

**Defense Objection 3:**

Report at 12, ¶ 66:     Physical Condition

Response:     The Report indicates that Mr. Ney is being medicated for high blood pressure and high cholesterol. As we subsequently informed you, Mr. Ney is being treated with Hydrochlorothiazide and Lipitor for those conditions, respectively.

**Defense Objection 4:**

Report at 13, ¶ 69:     Substance Abuse

Response:     The Report states that "Mr. Ney acknowledged that his use of alcohol impaired his judgment." In particular, Mr. Ney's alcohol addiction impaired his judgment with respect to subject matter of this case.

**Defense Objection 5:**

Report at 14, ¶ 73 n.1: Work History

Response:     Mr. Ney provided work history as you requested, and the Report incorporates much of that history. Report at 14. The Report incorrectly indicates in a footnote that such information had not been provided as of the date of the Report.

**Defense Objection 6:**

Report at 15, ¶ 80:     Thrift Savings Plan Account

Response:     The Report correctly indicates that the present balance in Mr. Ney's Thrift Savings Plan is approximately $87,500. However, Mr. Ney is in the process of withdrawing those funds to support his family. The plan administrators have advised Mr. Ney that this constitutes an early withdrawal from the plan that will be subject to substantial penalties. Accordingly, Mr. Ney expects to receive only approximately $56,000 from the liquidation of his Thrift Savings Plan.

V&E

**Defense Objection 7:**

Report at 15, ¶ 80:   Equity in Real Estate

Response:   The Report correctly indicates that Mr. Ney presently has approximately $5,000 equity in his personal residence. On December 28, 2006, Mr. Ney entered into a contract to sell that residence, subject to a number of contingencies, on or before May 31, 2007. If this sale is completed, Mr. Ney expects to realize a net loss of approximately $20,000 on the transaction. Mr. Ney would also be relieved of further mortgage obligations on the date that the sale closes.

**Defense Objection 8:**

Report at 16, ¶ 83:   Home Mortgage

Response:   As indicated by the Report, the first mortgage on Mr. Ney's residence has an outstanding balance of approximately $270,000. The Report does not, however, indicate that Mr. Ney's residence is also subject to a second mortgage of approximately $69,000. As indicated above, Mr. Ney expects to realize a net loss of approximately $20,000 on the pending sale of his residence.

**Defense Objection 9:**

Report at 16, ¶ 88:   Guideline Provisions

Response:   As noted in Defense Objection 2 above, the Court should impose only a two-level leadership enhancement under U.S.S.G. § 3B1.1. Accordingly, the total offense level should be 17. For criminal history category I, the corresponding guideline imprisonment range is 24 to 30 months.

V&E

December 29, 2006   Page 6

## CONCLUSION

For the foregoing reasons, Mr. Ney respectfully requests that the Report be modified to correct the identified material inaccuracies and that the resulting sentencing calculations be adjusted accordingly.

Please do not hesitate to contact Bill Lawler (202-639-6676) or David Hawkins (202-639-6605) if you have any questions.

Respectfully submitted,

Mark H. Tuohey III
William E. Lawler III
Craig D. Margolis
David E. Hawkins

Attorneys for Robert W. Ney

Enclosure

cc:   Mary K. Butler, Esquire
      M. Kendall Day, Esquire